Charles R. Sutton  SBN182160
Roger C. Hsu  SBN170589
LAW OFFICES OF ROGER C. HSU
201 S. Lake Ave., Ste. 600
Pasadena, CA  91101
Telephone: (626) 792-7936
Fax: (626) 685-2859
Email: arttorney@hotmail.com

**Attorneys for Plaintiffs**

Charles C.H. Wu (SBN 166756)
Mark H. Cheung (SBN 150690)
Vikram M. Reddy (SBN 228515)
**WU & CHEUNG, LLP**
98 Discovery
Irvine, California 92618-3105
Telephone: (949) 251-0111
Fax: (949) 251-0111
Email: info@wclawyers.com

**Attorneys for Defendant
Winjet Automotive, Inc.**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HSIU PEN YANG, AND SONAR AUTOPARTS Co., Ltd., <br><br> Plaintiffs, <br><br> v. <br><br> WINJET AUTOMOTIVE, INC., K2 MOTOR CORP. d.b.a. SPEC-D TUNING, and DOES 1-19 <br> Defendants. | Civil No. CV 10-6197 JHN(CSSx) <br><br> [Discovery Document: Referred to Magistrate Judge Suzanne H. Segal]. <br><br> (REVISED) STIPULATED PROTECTIVE ORDER |

1

WHEREAS, discovery in this action will involve production of confidential, proprietary and private information for which special protection from public disclosure may be warranted;

WHEREAS, plaintiffs Hsiu Pen Yang and Sonar Autoparts Co., Ltd. ("Plaintiffs") and defendant Winjet Automotive, Inc. ("Defendant") (collectively, the "Parties") have negotiated the terms of a protective order, and respectfully request that the Court approve of such terms between the Parties;

WHEREAS, the Parties agree that the protection afforded by this order be extended to additional parties that have or will be appearing in this case, including defendant K2 Motor Corp. d.b.a. SPEC-D TUNING, which was served and is expected to file its responsive pleading on or before September 15, 2011;

<u>WHEREAS, the Parties have revised this protective order pursuant to the conditions and requirements set forth in the Court's July 26, 2011 Order (denying the originally submitted protective order by the Parties);</u>

NOW, THEREFORE, the Parties stipulate to the entry of the following protective order, subject to the approval of the Court.

<u>GOOD CAUSE STATEMENT.</u>   The Parties respectfully submit that good cause exists for entry of this stipulated protective order. In order to determine its alleged/claimed damages, Plaintiffs have sought from Defendant information relating to its sale of certain products that Plaintiffs have accused Defendant of infringing or

otherwise violating its intellectual property rights; such information includes without limitation <u>invoices, purchase orders, and balance sheets reflecting net profits</u>, each of which Defendant maintains cannot be made accessible to the public without harming its business.  In addition, given the nature of Plaintiffs' claims, the Parties anticipate that as discovery proceeds, they may be asked to produce additional information or documents that consist of or contain sensitive financial information or trade secrets. The Parties respectfully submit that this stipulated protective order will facilitate the efficient exchange of relevant information and documents, without improperly undermining public access to non-confidential information.

IT IS HEREBY STIPULATED AND AGREED:

_____
Charles R. Sutton
Law Offices of Roger C. Hsu
201 S. Lake Ave, Suite 600
Pasadena, CA 91101
(626) 792-7936
arttorney@hotmail.com


_____
Charles C.H. Wu (SBN 166756)
Mark H. Cheung (SBN 150690)
Vikram M. Reddy (SBN 228515)
Law Offices Of Wu & Cheung, LLP
98 Discovery
Irvine, California 92618-3105
Telephone: (949) 251-0111
Email: info@wclawyers.com

# PROTECTIVE ORDER

WHEREAS, the Court, having considered the above stipulation and the protective order set forth herein, and having determined that "good cause" has been shown;

IT IS HEREBY ORDERED THAT:

1. "Confidential Information" as used herein means confidential financial information or information consisting of or containing trade secrets, as that term is defined in Section 3426.1 of California Civil Code. Use of Confidential information during the litigation of this case, *Hsiu Pen Yang, et al. v. Winjet Automotive, Inc., et al.*, Case No. CV 10-6197 JHN (CSSx) (hereinafter, the "Litigation") shall be governed by this Protective Order.

2. In the case of documents, interrogatory answers, and answers to requests for admissions, the Parties shall designate Confidential Information as such by stamping the Confidential Information as "CONFIDENTIAL."

3. Deposition Testimony.

   (a) Depositions that counsel, in good faith, believes contains Confidential Information shall be designated as Confidential by counsel making a statement for inclusion in the deposition transcript or, within ten (10) calendar days after receipt of the transcript, by counsel designating by page and line, the

Confidential Information contained in the deposition transcript by means of a "CONFIDENTIAL" stamp or legend.

(b) At the request of counsel for any Party, all persons other than those to whom disclosure of Confidential Information is permitted under the terms of this Protective Order shall be excluded from a deposition whenever Confidential Information is to be disclosed or discussed.

4. Use of Confidential Information at Hearings or Trial.

(a) At any proceeding before the Court in connection with this Litigation, counsel for the Parties may, subject to the rules of evidence, disclose or refer to Confidential Information in accordance with the terms of this Protective Order unless otherwise ordered by the Court.

(b) At the request of counsel for any Party, during that portion of any proceeding described in ¶ 4(a) hereof during which Confidential Information is to be disclosed or referred to, all persons to whom disclosure of Confidential Information is not permitted under the terms of this Protective Order shall be excluded from the courtroom if so ordered by the Court.

(c) Notwithstanding the foregoing, counsel may send courtesy copies of documents containing Confidential Information to the Court so long as the envelope containing such documents indicates that the envelope contains Confidential

5

Information subject to this Protective Order and that such Confidential Information has been filed with the Clerk of the Court under seal.

   (d) If Confidential Information is included in any papers to be filed with the Court, the Parties shall follow the procedures set forth in the Local Rules for this Court, Rule 79-5.

  5. All Confidential Information shall be used solely for purposes of this Litigation, identifying, contacting, and/or pursuing claims for Plaintiffs' alleged violations of its patents at issue, unless otherwise agreed to in advance by the Parties or ordered by the Court.

  6. Confidential Information may be disclosed to or made available by counsel of record for the Party receiving such information to the following "Qualified Persons" as defined herein or to such other persons as the Parties may agree in writing. For purposes of this Order, "qualified Persons" means:

   (a) the Court (and any appellate court), including court personnel, jurors and alternate jurors;

   (b) court reporters;

   (c) counsel of record to the Parties to this Litigation, and the paralegal, clerical, and secretarial staff, and other persons employed or retained by such counsel;

(d) the named Parties to this Litigation and their parents, subsidiaries, or other corporate affiliates (including any officers, directors, or employees of the foregoing);

(e) outside photo-copying services;

(f) experts, advisors or consultants (including their employees and support staff) retained by counsel of record in the Litigation; and

(g) persons who counsel of record in good faith believe may be fact witnesses in this Litigation.

7. Prior to the disclosure of Confidential Information to any Qualified Person defined in paragraphs 6(f), and 6(g), counsel of record for the Party proposing to make such disclosure shall ensure that a copy of this Order has been delivered to such person, that its terms have been explained to such person, and that the person has executed a Confidentiality Undertaking in the form attached hereto as Exhibit A.

8. Nothing herein shall preclude the dissemination of documents containing Confidential Information among counsel of record in this Litigation and their paralegal, clerical and secretarial employees.

9. Objections to Confidentiality.

(a) Any Party to the Litigation to whom Confidential information is produced or disclosed may object at any time to the "Confidential"

designation. The objection shall be made in writing to counsel for the designing Party. Counsel shall then confer in good faith in an effort to resolve any dispute concerning such designation in accordance with Local Rule 37-1. If the objection cannot be resolved in this manner, the Parties may seek judicial intervention pursuant to Local Rule 37-2 through 37-4.

(b) In the event of a dispute, as noted in paragraph 9(a) above, the documents or information whose designation is objected to shall continue to be treated as Confidential Information until the dispute is resolved.

10. Counsel for any Party shall not be obligated to challenge the propriety of any "Confidential" designation. Failure to do so upon the initial production of the Confidential Information shall not preclude a subsequent challenge to the propriety of such designation.

11. Nothing herein shall prevent any Party who has received Confidential Information pursuant to this Protective Order from producing such Confidential Information in response to a lawful subpoena or other compulsory process; provided that any Party receiving such subpoena or process (i) shall, as soon as reasonably practical, give notice thereof to the designating Party by telephone or facsimile and shall furnish the designating Party with a copy of the subpoena or other compulsory process so as to afford then designating Party a reasonable opportunity to seek protective order; and (ii) if application for a protective order is made promptly

before the return date, shall not produce such Confidential Information prior to receiving a court order or their written consent of the designating Party.

12. Compliance with the terms of this Protective Order shall not operate as an admission that any particular document or information is or is not confidential.

13. The entry of this Protective Order does not waive any rights the Parties may have to object on any grounds to the use of any Confidential Information as evidence at any trial or hearing in this Litigation. Disclosure of any Confidential Information by any person or in any manner not permitted by this Protective Order shall not result in a waiver of or otherwise limit the right of the Parties to enforce the provisions of this Protective Order. Nothing contained herein shall constitute a waiver by any Party of the right to claim that information designated by any other Party as Confidential is not, in fact, Confidential.

14. Nothing contained herein shall operate to prevent any Party to the Litigation from disclosing its own Confidential Information.

15. After the conclusion of this Litigation, any Party's counsel and all other persons to whom Confidential Information shall have been disclosed shall not disclose or communicate to, or discuss with, any person any portion of such Confidential Information, unless such Confidential Information later becomes public

knowledge and such public knowledge becomes known to the Party's counsel or such other persons.

16. Within sixty (60) days after the disposition of this action, all Confidential Information shall be either destroyed or returned to the Party who produced it; provided, however, that counsel shall be entitled to retain pleadings, memoranda, declarations or affidavits, or deposition transcripts which attach, contain or refer to any Confidential Information, but only to the extent necessary to preserve a litigation file with respect to these actions, subject to the terms of this Protective Order. In addition, counsel shall be entitled to retain Confidential Information to the extent that such Confidential Information is contained on network backup tapes or other backup media to the extent that removing Confidential Information form such backup tapes or other backup media is technologically impracticable, provided that counsel, and employees of counsel, shall not disclose any such information except pursuant to a separate written agreement with the Producing Party.

17. Within thirty (30) days of the entry of this Order, any Party may designate previously produced documents as Confidential and such documents shall be treated as if designated before production. A Party may object to any such designation pursuant to paragraph 9, above.

18. <u>GOOD CAUSE STATEMENT.</u> The Parties respectfully submit that good cause exists for entry of this stipulated protective order. In order to

determine its alleged/claimed damages, Plaintiffs have sought from Defendant information relating to its sale of certain products that Plaintiffs have accused Defendant of infringing or otherwise violating its intellectual property rights; such information includes without limitation <u>invoices, purchase orders, and balance sheets reflecting net profits</u>, each of which Defendant maintains cannot be made accessible to the public without harming its business. In addition, given the nature of Plaintiffs' claims, the Parties anticipate that as discovery proceeds, they may be asked to produce additional information or documents that consist of or contain sensitive financial information or trade secrets. The Parties respectfully submit that this stipulated protective order will facilitate the efficient exchange of relevant information and documents, without improperly undermining public access to non-confidential information.

This Order may be modified or amended by further order of this Court for good cause shown. Each of the Parties reserves the right to apply to the Court for enforcement or modification of or relief from any and all of the provisions of this Order.

SIGNED this __12th____ day of _September_____, 2011.

        __/S/ Suzanne H. Segal_____
        Suzanne H. Segal
        United States Magistrate Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit "A"

Charles R. Sutton  SBN182160
Roger C. Hsu  SBN170589
LAW OFFICES OF ROGER C. HSU
201 S. Lake Ave., Ste. 600
Pasadena, CA  91101
Voice (626) 792-7936
Fax (626) 685-2859
Email: arttorney@hotmail.com

**Attorneys for Plaintiffs**

Charles C.H. Wu (SBN 166756)
Mark H. Cheung (SBN 150690)
Vikram M. Reddy (SBN 228515)
**WU & CHEUNG, LLP**
98 Discovery
Irvine, California 92618-3105
Telephone: (949) 251-0111
Email: info@wclawyers.com

**Attorneys for Defendant
Winjet Automotive, Inc.**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HSIU PEN YANG, AND SONAR AUTOPARTS CO, LTD., <br><br> Plaintiffs, <br><br> v. <br><br> WINJET AUTOMOTIVE, INC., K2 MOTOR CORP. d.b.a. SPEC-D TUNING, and DOES 1-19 <br> Defendants. | Civil No. CV 10-6197 JHN(CSSx) <br> Consolidated with <br> Civil No. CV 10-6199 JHN(CSSx) <br><br> **UNDERTAKING PURSUANT TO PROTECTIVE ORDER** |

UNDERTAKING PURSUANT TO A PROTECTIVE ORDER
REGARDING DISCLOSURE OF CONFIDENTIAL MATERIALS

I, _____, declare:

1. My address is _____.

2.     My present employer is _____ and the address of my present employment is_____.

3.     My present occupation or job description is _____.

4.     I have received a copy of the Stipulated Protective Order in the case of *Hsiu Pen Yang, and Sonar Autoparts Co. v. Winjet Automotive, Inc.*, Case No. CV 10-6197 JHN(CSSx), consolidated with Case No. Civil No. CV 10-6199 JHN(CSSx), signed by the by the Honorable Jacqueline Nguyen.

5.     I have carefully read and understand the provisions of the Stipulated Protective Order.

6.     I will comply with all the provisions of the Stipulated Protective Order.

7.     I will hold in confidence and not disclose to anyone not qualified or designated under the Stipulated Protective Order, any CONFIDENTIAL information or any words, summaries, abstracts, or indices of CONFIDENTIAL information disclosed to me.

8.     I will return all CONFIDENTIAL information and summaries, abstracts, indices thereof which come into my possession, and documents and things which I have prepared relating thereto, to counsel for the party by whom I am

14

employed or retained.

      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:_____        By:_____